IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY LYN VIERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00198-JD |
| ) | |
| DR. FNU SHRINER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On February 26, 2024, Plaintiff Timothy Lyn Viers ("Viers"), a state prisoner, filed a 42 U.S.C. § 1983 complaint against Defendant Dr. Shriner, in his individual capacity. *See* [Doc. No. 1 at 4].

Viers alleges a single claim of denial of medical care in violation of his Eighth Amendment rights. *Id.* at 9. Specifically, he claims that he had been experiencing "severe and prolonged muscle spasms as a result of [his] medications being incorrect" and that Dr. Shriner was the medical provider who should have been prescribing him muscle relaxant. *Id.* Vier alleges that he finally received "a shot of muscle relaxer, but it was too late" and that he had "put [his] right eye out with the handle of a spoon." *Id.* He further alleges that, upon knowledge and belief, "unit nurses informed Dr. Shriner about his continuing spasms" and his need for muscle relaxer prescription or a change of medications, and that Dr. Shriner "was deliberately indifferent" to his medical care needs. *Id.* at 9–11. He also claims Dr. Shriner refused to act on his written complaints. *Id.* at 11. He seeks damages against Dr. Shriner. *Id.* at 8.

The Court referred this action to United States Magistrate Judge Shon T. Erwin on February 27, 2024. [Doc. No. 4]. On March 5, 2024, Judge Erwin granted Viers' application for leave to proceed in forma pauperis [Doc. No. 2], relieving Viers of his obligation to pay the full filing fee of $405.00 but requiring Viers to pay the $350.00 filing fee. [Doc. No. 5]. Judge Erwin ordered Viers to pay an initial partial filing fee of $229.31, and ordered Viers to then make monthly payments of twenty percent of the preceding month's income credited to his prison account until he has paid the total filing fee of $350.00. *Id.* Judge Erwin explained he would enter an order directing the agency having custody of Viers to collect and forward monthly payments to the Clerk of Court until the filing fee is paid in full. *Id.*

Viers paid the initial filing fee of $229.31 on April 1, 2024. [Doc. No. 8]. The remaining balance for Viers' filing fee is $120.69. *See* [Doc. No. 9]. Judge Erwin then issued an order to the state facility having custody of Viers to collect and forward monthly payments from Viers' prison account until the filing fee is paid in full. [Doc. No. 10]. Judge Erwin's order continues to apply even if Viers is relocated to another facility. *Id.*

On April 8, 2024, Judge Erwin issued an order requiring service of the complaint and special report. [Doc. No. 11]. Regarding the service issue,[1] Judge Erwin explained that proof of service was Viers' responsibility and that "the Court has postponed

---

[1] The order of April 8, 2024, also requires the officials responsible for the operation of Joseph Harp Correctional Facility in Lexington, Oklahoma to undertake a review of the complaint and issue a written special report. The order gives deadlines for the special report and deadlines for any response to the complaint and deadlines and requirements for any briefing on motion practice. *See generally* [Doc. No. 11].

commencement of the 90-day period for service of Defendant[] until the date of this Order." *Id.* at 6 n.3.[2] Thus, Viers had 90 days from April 8, 2024, or until Monday, July 8, 2024, to file timely proof of service. *See* [Doc. No. 11 at 6 n.3].

On May 13, 2024, Viers filed a request for issuance of summons on Dr. Shriner with an incomplete USM-285 form. [Doc. No. 12]. On May 17, 2024, Judge Erwin issued an order explaining that Viers' USM-285 form was incomplete and that Viers must also submit a completed summons, a copy of the Complaint [Doc. No. 1], and a copy of the order of April 8, 2024 [Doc. No. 11] to the Clerk Court. [Doc. No. 13]. Judge Erwin explained that blank summons form and blank USM-285 form would be provided to Viers and ordered Viers to cure the deficiencies identified in the May 17, 2024 order by June 3, 2024. Judge Erwin reminded Viers that proof of service was his responsibility, reminded him of his deadline, and explained that failure to timely file proof of service could result in dismissal. *Id.* at 2.

Judge Erwin then issued a Report and Recommendation on June 17, 2024, noting that Viers had failed to cure the deficiencies identified in the May 17, 2024 order [Doc. No. 13] by June 3, 2024, and recommending dismissal of the action without prejudice for his failure to comply. [Doc. No. 14]. Judge Erwin advised Viers of his right to object to the Report and Recommendation by July 5, 2024. *Id.* at 3.

Within the time frame to object to the Report and Recommendation, and within

---

[2] Per the Court's docket annotation on July 12, 2024, there is only a single defendant named in Viers' complaint, and that is Dr. Shriner. *See* [Doc. No. 1 at 4]. Thus, the Court revised the docket to indicate that Dr. Shriner is the only defendant named by Viers in this action. *See* Dkt. Annotation (July 12, 2024).

3

the original time frame Judge Erwin provided for service in his order of April 8, 2024, giving 90 days or until July 8, 2024,[3] summons issued electronically to Dr. Shriner on June 24, 2024 [Doc. No. 15], and process receipt and return was filed on July 3, 2024, indicating that Dr. Shriner was served on June 26, 2024 [Doc. No. 16].

Given this procedural history and the time frame of Viers' actions, and without commenting on the appropriateness of service or any other defense which Defendant may raise under Federal Rule of Civil Procedure 12(b), the Court **DECLINES** the Report and Recommendation [Doc. No. 14] to dismiss the action and **REFERS** this action for further proceedings to Judge Erwin consistent with the Court's prior referral. *See* [Doc. No. 4].

IT IS SO ORDERED this 12th day of July 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[3] Judge Erwin reaffirmed this deadline in his order of May 17, 2024. *See* [Doc. No. 13 at 2 n.1] (explaining the 90-day period for service of Defendant ran from April 8, 2024); *see also id.* at 2 (warning that "[t]he failure to timely file proof of service could result in dismissal of the action").