IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY LYN VIERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-00198-JD |
| | ) |
| DR. FNU SCHREINER, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Chris M. Stephens on April 28, 2025. [Doc. No. 29].

The R. & R. recommends that the Court convert Defendant Dr. Schreiner's ("Defendant") Motion to Dismiss ("Motion") [Doc. No. 27] into a motion for summary judgment because Defendant's Motion relies upon materials outside of the pleadings. [Doc. No. 29 at 3–5]. The R. & R. indicates that the Court advised Plaintiff Timothy Lyn Viers ("Plaintiff") that "a dispositive motion based on the affirmative defense of failure to exhaust administrative remedies will typically be considered as a motion for summary judgment." [*Id.* at 3 (citing Doc. No. 11 at 2–3)]. The Court also advised Plaintiff that, if a dispositive motion relies upon matters outside of the pleadings, Plaintiff should respond to that motion with affidavits and/or documents to demonstrate a genuine issue of material fact. [*Id.* at 3–4 (citing Doc. No. 11 at 3–4)].

Defendant's Motion asserts an affirmative defense of failure to exhaust administrative remedies. [Doc. No. 27]. Plaintiff, proceeding *pro se*, did not file a

response to Defendant's Motion. Judge Stephens concluded the undisputed facts, as presented by Defendant, demonstrate that Plaintiff failed to exhaust his administrative remedies. [Doc. No. 29 at 9–10]. Because Plaintiff failed to present an issue of disputed, material fact in response to Defendant's Motion regarding Plaintiff's exhaustion of administrative remedies, Judge Stephens concluded Defendant is entitled to judgment as a matter of law. [*Id.* at 10]. The R. & R., therefore, recommends that the Court grant summary judgment in favor of Defendant. [*Id.* at 11].[1]

On December 9, 2024, Plaintiff filed a Motion to Quash, requesting that the Court quash Defendant's Motion as an improper motion for summary judgment. [Doc. No. 28]. In light of Judge Stephens's recommendations above, the R. & R. recommends that the Court deny the Motion to Quash as moot. [Doc. No. 29 at 11].

The R. & R. advised the parties of the right to object by May 19, 2025, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.*]. No party filed an objection or requested an extension of time to do so.

For the reasons outlined below, the Court accepts the R. & R.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir.

---

[1] Based on the recommendation that the Court grant summary judgment to Defendant based on Plaintiff's failure to exhaust administrative remedies, Judge Stephens found it unnecessary to reach Defendant's alternative arguments under the Eighth Amendment and for qualified immunity. [*See id.* at 10–11 n.3].

1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate[ judge]'s findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Neither party objected, and neither exception to the firm waiver rule applies. Although Plaintiff is proceeding *pro se*, Judge Stephens advised Plaintiff of his right to object and the consequences if he failed to object. [Doc. No. 29 at 11]. The interests of justice do not require review, as the parties have not explained their lack of objection. The interests of justice also do not require review under the factors provided by the Tenth Circuit. Alternatively, although the Court is not required to review the matter de novo, it has done so and determines that the R. & R. should be adopted in full.

The Court, therefore, ACCEPTS the R. & R. [Doc. No. 29]. The Court GRANTS Defendant's Motion [Doc. No. 27], which the Court has converted into a motion for summary judgment in accordance with the R. & R. Accordingly, the Court GRANTS

summary judgment in favor of Defendant. The Court DENIES Plaintiff's Motion to Quash [Doc. No. 28] as moot. A separate judgment will follow.

    IT IS SO ORDERED this 30th day of May 2025.

                                                    _____
                                                    JODI W. DISHMAN
                                                    UNITED STATES DISTRICT JUDGE